Submitted January 17, affirmed March 15, 2017

In the Matter of V. T.,
a Person Alleged to have a Mental Illness.
## STATE OF OREGON,
*Respondent,*

*v.*

## V. T.,
*Appellant.*

Multnomah County Circuit Court
15CC01402; A161690

393 P3d 243

Joseph DeBin and Multnomah Defenders, Inc. , filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Flynn, Judge, and DeHoog, Judge.

**FLYNN, J.**

In this civil commitment case, appellant challenges a trial court order that continued appellant's involuntary civil commitment on the basis that appellant continues to suffer from a mental disorder that makes her a danger to herself. This is not an "exceptional" case and therefore does not warrant *de novo* review. *See* ORAP 5.40(8)(c) (providing that the court will exercise its discretion to review *de novo* "only in exceptional cases"). Accordingly, "'we view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record was legally sufficient to permit that outcome.'" *State v. M. A.*, 276 Or App 624, 625, 371 P3d 495 (2016) (quoting *Dept. of Human Services v. N. P.*, 257 Or App 633, 639, 307 P3d 444 (2013)). Reviewing under that standard, we affirm.

Appellant has been in the custody of the Oregon Health Authority since March 2015 based on the court's determination that appellant is a "person with mental illness." *See* ORS 426.130(1)(a)(C). As pertinent to this case, a "person with mental illness" is a "person who, because of a mental disorder" is "[d]angerous to self." ORS 426.005(1)(f)(A). After appellant spent a year in the custody of the Oregon Health Authority, the court determined that appellant's commitment should be continued for up to an additional 180 days, on the basis that appellant is "still a person with mental illness and is in need of further treatment." *See* ORS 426.307(6).

The determination that an individual is "still a person with mental illness" must be based on "clear and convincing evidence," as must the determination at the time of the initial commitment. ORS 426.307(6); ORS 426.130(1)(a). As we have emphasized in the context of an initial commitment, the evidence that the person presents a danger to self "must partake of a particularized, and highly probable, threat to [the] appellant's safe survival, including a risk of substantial harm, in the near future." *State v. S. R. J.*, 281 Or App 741, 749, 386 P3d 99 (2016) (internal quotation marks omitted; brackets in original).[1]

---

[1] Neither party has suggested that the standard for proving that an individual is "a person with mental illness" should be different at a recommitment

That standard is met here by the evidence and the permissible inferences that the trial court could have drawn from that evidence. Appellant suffers from hallucinations, delusions, disorganized thinking, and impulsive behavior. The hallucinations cause her to become very agitated and to run and scream. She was involuntarily committed in March 2015, after her hallucinations caused her to run into traffic on a busy road. The police and fire department were called and redirected traffic. Appellant ran from the police and, in the course of running, fell and badly scraped her palms on the asphalt. Appellant has been hospitalized ever since. At the hearing to consider continuing appellant's commitment, a doctor who is familiar with appellant's circumstances testified that she "commonly will hear voices from demons" that tell her to run and that she responds "by running, screaming up and down the hallways." In the doctor's opinion, outside of the hospital setting, appellant's "psychosis would worsen. And she would become psychotic. She would run into traffic, which is what got her admitted initially." Thus, he concluded that appellant's "impulsivity puts her at risk of self-harm by running in traffic."

Although appellant argues that the evidence of risk is speculative, we disagree. There is evidence that impulsively running and screaming as a result of hallucinations continues to be a common behavior for appellant. Although recently that behavior has been confined to hospital hallways, that is because appellant has been confined to a hospital since March 2015. When appellant was last in the community, those same hallucinations caused her to run uncontrollably into traffic. She actually injured herself in that incident, and the court could infer that appellant's pattern of impulsively running, without regard for her surroundings, creates a highly probable risk of more substantial harm in the future. That evidence of the risk that appellant presents to herself is sufficient to permit the court's determination that appellant's mental disorder makes her

---

hearing than at an initial commitment hearing. *See State v. D. S.*, 243 Or App 328, 333, 258 P3d 1250 (2011) ("To justify continued commitment * * *, the state must do more than establish that appellant was dangerous * * * at one time; it must establish a factual foundation to predict appellant's future dangerousness based on his condition at the time of the hearing in the context of his history." (Internal citations omitted.)).

a danger to self. *See State v. D. R.*, 239 Or App 576, 585-86, 244 P3d 916 (2010) (concluding that the evidence was sufficient to permit commitment when the appellant was "still suffering from the same deficiencies in attention and judgment" that had caused her, on the day she was hospitalized, to cross "a street with her head down, causing two cars to halt" and to "run a stop light and three stop signs"); *cf. S. R. J.*, 281 Or App at 753 (concluding that evidence that the appellant's delusions once caused her to stand in the middle of an intersection with traffic stopped in all directions, with no evidence that she had placed herself at risk of being hit by a vehicle, was insufficient to support civil commitment).

Affirmed.